IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HOWARD REESE, II**                                                                                               **PLAINTIFF**

v.                                                                                  CAUSE NO. 1:23-cv-00166-LG-BWR

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS, et al.**                                                                                  **DEFENDANTS**

## ORDER OF DISMISSAL

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff Howard Reese, II, is an inmate of the Mississippi Department of Corrections currently housed at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. (Compl. at 2, ECF No. 1). He brings this Complaint under 42 U.S.C. § 1983 against the Mississippi Department of Corrections ("MDOC"), Timothy Barnes, Belinda Miller, Floyd Spotts, and Brand Huffman. (*Id*. at 2-3; Order at 1-2, ECF No. 17). Reese is proceeding *in forma pauperis*. (Order, ECF No. 10). For the reasons set forth below, the Court finds that Reese has failed to state a claim against MDOC and that MDOC should be dismissed without prejudice as Defendant herein. At this early stage in the litigation, Reese's claims against the remaining Defendants will proceed.

## I. BACKGROUND

On the morning of November 9, 2022, Reese "took a drug test" but was not told at the time "if [he] passed or failed." (Compl. at 4, ECF No. 1). Reese was later given a rule violation report ("RVR") showing that he had "failed [his] random drug test" earlier that day. (Mot. at 2, ECF No. 14-1). Reese claims that the RVR has

"several administration errors," (Compl. at 4-5, ECF No. 1), including that it does not specify "what drug [he] allegedly . . . tested positive for," (Mot. at 1, ECF No. 14-1) (quotation omitted).  Reese insists the RVR is supported by "no evidence," (Compl. at 5, ECF No. 1), and "little to no investigation," (Mot. at 3, ECF No. 14).

Reese was nonetheless "found guilty at [a] disciplinary hearing." (Compl. at 5, ECF No. 1).  He concedes that his hearing was recorded, but he complains that "the RVR investigation [and his] witness statements [were not read] into the record." (Mot. 1, ECF No. 14-1).  As a result, Reese claims that he was denied the right "to defend [him]self." (*Id.*).  The RVR, which is included in the record, indicates that Reese's guilty finding is based on a statement by "Nurse Hayes." (Mot. at 2, ECF No. 14-1).  It also details Reese's punishment for the guilty finding: "Removal from 30/30 trusty status for six months" and "loss of canteen [and] visitation privileges from January 30, 2023 through March 31, 2023." (*Id.*).  Reese also claims that he has been "held back on parole because of this matter." (Compl. at 5, ECF No. 1).

Reese avers that Barnes, Miller, Spotts, and Huffman are administrative employees at SMCI.  (Mot. at 3, ECF No. 14).  He claims that they have placed "unqualified personnel" in official positions at SMCI, and he blames these "unqualified" employees for violating his constitutional rights in handling his RVR.  (*Id.* at 2-3; Resp. at 1-2, ECF No. 20).

Based on these events, Reese claims a violation of his First, Fifth, Eighth, and Fourteenth Amendment rights.  (Mot. at 4, ECF No. 14).  He seeks $300,000.00

2

in compensatory damages, (Compl. at 5, ECF No. 1), and $200,000.00 in punitive damages, (Mot. at 5, ECF No. 14). Reese also wants "this matter to be completely removed from [his] file," (Compl. at 5, ECF No. 1), and an order "enjoining the [D]efendants . . . from harassing or retaliati[ng] against [him] in any manner during the pendency of this action," (Mot. at 5, ECF No. 14).

## II. DISCUSSION

### A. The Prison Litigation Reform Act

Because Reese is proceeding *in forma pauperis*, (Order, ECF No. 10), his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim *sua sponte*." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id*.

So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *see Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss a claim *sua sponte*.

B. <u>Analysis</u>

Having conducted the required screening, the Court concludes that Reese's claims against MDOC must be dismissed without prejudice. To maintain an action under § 1983, Reese must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. *See* 42 U.S.C. § 1983. "The State of Mississippi is not amenable to suit under this statute, because 'a State is not a person within the meaning of § 1983.'" *Wedgeworth v. Miss.*, No. 3:17-cv-00730-CWR-FKB, 2018 WL 1463496, at *4 (S.D. Miss. Mar. 3, 2018) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). "This holding likewise applies to any governmental entities that are considered arms of the State for Eleventh Amendment purposes." *Id*. (quotation omitted). "MDOC is considered an arm of the State of Mississippi," *id*., and Reese's claims against it must be dismissed without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii).

III. <u>CONCLUSION</u>

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff Howard Reese, II's claims against the Mississippi Department of Corrections are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. MDOC is

dismissed as Defendant herein, and the Clerk of Court shall terminate MDOC as Defendant on the Court's docket.

**IT IS FURTHER ORDERED AND ADJUDGED** that Reese's claims against Timothy Barnes, Belinda Miller, Floyd Spotts, and Brand Huffman will proceed.  An Order issuing Notices of Lawsuit and Requests for Waiver of Service will be issued in due course.  The Court expresses no opinion about whether Reese's remaining claims will or will not be determined to be meritorious.

**SO ORDERED AND ADJUDGED** this the 14th day of May, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE